## M. DANIEL *v.* DANIELS & CO.

1. ATTACHMENT. *Judgment against garnishee. None against defendant. Defendant's consent. Rights of garnishee.*

   Where a judgment against a garnishee in attachment shows that the defendant in the suit consented to such judgment, the garnishee cannot have it reversed on the ground that there was no precedent judgment against the defendant.

2. SAME. *Judgment against garnishee. No service of process nor answer filed. Admission of record.*

   A judgment against one as a garnishee is good, though he was not served with the writ of garnishment and no answer by him appears in the record brought to this court, if the judgment recite that the garnishee admitted the indebtedness for which it was rendered.

APPEAL from the Circuit Court of Copiah County.

HON. T. J. WHARTON, Judge.

Daniels & Co. sued out an attachment against Samuel L. Boyd & Son and a garnishment against M. Daniel. No judgment was rendered against the defendants, but they joined the plaintiffs in a motion for judgment against the garnishee; and the court rendered a judgment reciting that " it appearing that said garnishee admits an indebtedness of three hundred and eighty-six dollars, it is thereupon considered that plaintiffs do have and recover of M. Daniel the sum of three hundred and eighty-six dollars," etc.

From this judgment the garnishee appealed.

*H. C. Conn,* for the appellant.

No judgment should have been rendered against this appellant because garnishee was not served with process. I cite nothing to sustain this.

But even had garnishee been regularly brought in, this judgment should not have been rendered, because no judgment had been rendered against defendants in attachment. See *Roberts* v. *Barry*, 42 Miss. 260 ; *Metcalf* v. *Steele*, 52 Miss. 511 ; *Kellog* v. *Freeman*, 50 Miss. 127 ; *Erwin* v. *Heath*, 50 Miss. 795.

*Calhoon & Green,* for the appellees.

It is wholly immaterial whether appellant was served with pro-

cess or not, since the judgment recites that he answered, admitting the indebtedness.

There is no error in the judgment. The garnishee admitted the debt to defendant, and the defendant consented that plaintiffs should have judgment.

The statute does not require judgment against defendant to precede judgment against garnishee, but if it did the purpose would be plain merely to *protect* the garnishee against another claim by a successful defendant, and this is the reason given by the authorities. *Metcalf* v. *Steele*, 42 Miss. 512 ; *Roberts* v. *Barry*, 42 Miss. 263 ; *Kellog* v. *Freeman*, 50 Miss. 129.

Now, we appeal to the maxim, *cessante ratione, cessat lex*. The whole object of the law is conserved in this record. Plaintiff and defendant *agreed* to the judgment, furnishing record estoppel against any double claim.

Garnishees have no interest except that they pay the right person. Here the right person is ascertained of record by consent.

COOPER, J., delivered the opinion of the court.

The garnishee, under the facts shown in this record, cannot reverse the judgment against himself on the ground that no precedent judgment had been taken against the defendant in attachment. A garnishee is permitted to decline to enter into a contest with the plaintiff in attachment until he shall have fixed a valid judgment against the defendant, because it is his duty to protect the debt which he owes to the defendant against all persons except those entitled to collect it, and payment to one not so entitled to it would not operate to discharge him from liability to the defendant. Ordinarily this right of the plaintiff is fixed by the judgment, but where the defendant appears in the suit and in open court consents that a judgment may be rendered against the garnishee in favor of the plaintiff in attachment, the garnishee is as effectually protected as he could be by a judgment against the defendant, and because he is he cannot insist upon the recovery of a judgment by the plaintiff, the sole effect of which would be, as to him, to afford the protection which he already has.

The writ of garnishment issued in this case seems to have been executed by service on one B. Daniel, agent, but whom he was agent for nowhere appears. It is, however, recited in the judgment against the garnishee "that the plaintiff moves for judgment on the answer of the garnishee, M. Daniel; and it appearing to the court that said garnishee admits an indebtedness of three hundred and eighty-six dollars, it is therefore," etc. Although no answer of the garnishee appears in the record, we think it is sufficiently shown by this recital that there was an answer, either oral or in writing, for in no other manner could it have appeared to the court that the indebtedness was admitted.

*The judgment is affirmed.*